IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) |
| v. | ) ) No. 10 CR 945 ) ) Judge Virginia M. Kendall |
| EDGAR FEDERICO CASTRO-CASTELLANOS | ) ) ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Edgar Federico Castro-Castellanos filed this *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The Defendant claims that he suffered a miscarriage of justice because the Court failed to consider the disparity between the sentence imposed in this case and the sentence similarly charged defendants receive in districts that adopted the United States Department of Justice's "Fast-Track" program for illegal re-entry cases. For the reasons set forth below, the motion is denied.

**BACKGROUND**

On November 18, 2010, the Defendant was indicted on one count of illegal re-entry in violation of 8 U.S.C. § 1326(a) and 6 U.S.C. § 202(4). *See* Docket No. 7. On May 12, 2011, the Defendant pleaded guilty to the charge via a plea agreement. Doc. 21. The Defendant was

---

[1] The Defendant filed this motion under his criminal case number and styled it as a motion for relief pursuant to Federal Rule of Civil Procedure 60(b), Federal Rule of Criminal Procedure 52(b), 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2). However, the title of a motion is "immaterial; it is the substance of petitioner's motion that controls how his request for relief shall be treated." *United States v. Carraway,* 478 F.3d 845, 848 (7th Cir. 2007). Because defendant seeks to challenge the length of his criminal sentence, the motion is properly characterized as a motion for relief under 28 U.S.C. § 2255 and not under any of the other cited rules or statutes. A court is generally obligated to inform a pro se petitioner that it intends to characterize his motion as a § 2255 motion and give him an opportunity to withdraw the motion or amend it to include every § 2255 claim that the movant believes he has. *See Castro v. United States,* 540 U.S. 375, 383 (2003); *Nolan v. United States,* 358 F.3d 480, 482 (7th Cir. 2004). However, the Court is not obliged to do so in this instance because the Defendant, himself, expressly styled his motion as a Section 2255 motion.

1

sentenced on November 1, 2011 to a forty-month term of imprisonment, which was below the guideline range. Doc. 30. In arriving at this sentence, the Court concluded that the Defendant's criminal history was calculated properly. The criminal history included a February 26, 2007 conviction in the Circuit Court of Cook County, Illinois for the manufacturing or delivery of a controlled substance, namely cocaine. The Defendant did not appeal the sentence. However, the Defendant then filed the instant motion for relief on October 19, 2012. Doc. 31.

## LEGAL STANDARD

Under 28 U.S.C. § 2255 "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." The relief sought in a § 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Thus, relief should be granted "only for an error of law that is jurisdictional, constitutional or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States,* 366 F.3d 593, 594 (7th Cir. 2004) (internal quotations and citations omitted). Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Section 2255 is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Varela v. United States,* 481 F.3d 932,

935 (7th Cir. 2007) (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (internal citations omitted). However, because claims of ineffective assistance of counsel often involve evidence outside of the trial record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504 (2003); *United States v. Waltower,* 643 F.3d 572, 579 (7th Cir. 2011).

## DISCUSSION

Defendant's motion challenges the sentence imposed by this Court on the basis that the Court failed to consider the geographic sentencing disparity between the length of the sentence the Defendant received and the sentence that similarly charged defendants receive in districts that adopted the United States Department of Justice's "Fast-Track" program for illegal re-entry cases. Similarly, Defendant contends his counsel was constitutionally ineffective in failing to argue that the Defendant was entitled to a downward variance based on this disparity. Additionally, Defendant argues that the Government abused its discretion by not offering a "fast-track" plea agreement to the Defendant. None of these arguments have merit.

**I.    The Failure to Seek a Downward Variance Based on "Fast-Track" Disparity Does Not Establish Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, Defendant must establish that he was prejudiced as a result of his counsel's alleged deficiencies under the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). *See McDowell v. Kingston,* 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland,* 466 U.S. at 694). The burden of proof on a defendant asserting an ineffective assistance of counsel claim is a heavy one. *See Harris v. Reed,* 894 F.2d 871, 874 (7th Cir. 1990). "The benchmark for judging any claim to ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686.

Under *Strickland* the moving party must prove: (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell,* 497 F.3d at 761. If the Court finds that either the performance prong or the prejudice prong of the *Strickland* test to be lacking, then there is no need to consider the other prong and the petition fails as a matter of law. *See United States v. Slaughter,* 900 F.2d 1119, 1124 (7th Cir. 1990). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993). In this case, the Defendant's motion fails on both prongs.

There was no fast-track program in the Northern District of Illinois in 2011 when the Defendant was sentenced.[2] However, the Seventh Circuit had advised district courts that they could consider the disparity arising from the absence of the fast-track program in the district for purposes of sentencing. *See United States v. Reyes-Hernandez,* 624 F.3d 405, 420 (7th Cir. 2010); *see also United States v. Ramirez,* 675 F.3d 634, 640-41 (7th Cir. 2011). "Fast-track" disparity did not entitle defendants to lower sentences; rather it was simply a mitigating factor a district court could consider under 18 U.S.C. § 3553. It could be accepted or rejected at the court's discretion. *See Anaya-Aguirre,* 704 F.3d 514, 518 (7th Cir. 2013) (holding that a district court has discretion to accept or reject a fast-track disparity argument). A district court, however, has to provide its reasons for rejecting a fast-track disparity argument on the record if the defendant established that he would "have been eligible for fast-track status had it been available and show[ed] that he would have in fact pursued the option." *Reyes-Hernandez,* 624 F.3d at 420; *see also Ramirez,* 675 F.3d at 636; *Anaya-Aguirre,* 704 F.3d at 518 ("Under

---

[2] The Northern District of Illinois implemented a fast-track program for illegal reentry cases on March 1, 2012 in response to a memorandum issued by the Department of Justice on January 30, 2012. *See United States v. Garcia-Ugarte,* 688 F.3d 314, 317 n. 1 (7th Cir. 2012).

*Ramirez,* a district court must address a fast-track disparity argument explicitly only when the defendant has made a sufficient evidentiary showing that he would be eligible for fast-track treatment in a district with such a program.").

In other words, for a district court to be required to provide its reasoning for rejecting a fast-track disparity argument, the defendant must have supplied the underlying factual predicate for the contention. *See Ramirez,* 675 F.3d at 641 (collecting cases); *see also Anaya-Aguirre,* 704 F.3d at 518. The Seventh Circuit concluded that in order for a defendant to establish this factual predicate, the defendant must:

> promptly plead guilty, agree to the factual basis proffered by the government, execute an enforceable waiver of specific rights before or during the plea colloquy, establish that he would receive a "fast-track" sentence in at least one district offering the program, and submit a thorough account of the likely imprisonment range in the districts where he is eligible, as well as a candid assessment of the number of programs for which he would not qualify.

*Ramirez,* 675 F.3d at 641-42. In this case, there can be no finding of ineffective assistance of counsel because Defendant's § 2255 motion fails to show that he would have been eligible for fast track status had it been available. Thus, no prejudice results from the attorney's failure to raise the argument.

First, Defendant did not promptly plead guilty. Defendant was arraigned on November 9, 2010 but did not enter his guilty plea until May 12, 2011. Waiting six months to plead is not pleading promptly. *See Anaya-Aguirre,* 704 F.3d at 522 (holding that pursuant to *Ramirez* the defendant "did not plead guilty promptly [because he] waited four months after his indictment to do so.").

Second, Defendant's motion does not establish that he would have received a "fast track" sentence in at least one district offering the program because the motion does not identify a

single district where he could have been eligible for fast-track. Indeed, it seems unlikely that Defendant would have been eligible based on his prior conviction for the manufacturing or delivery of cocaine. *See United States v. Lu-Guizar,* 656 F.3d 563, 569 (7th Cir. 2011) (stating that "a defendant's criminal history is an appropriate factor to consider" in determining fast-track eligibility); *see also, e.g., United States v. Gill,* No. 12 C 5832, 2012 WL 4049445, at *1-2 (N.D. Ill. Sept. 12, 2012) (noting that § 2255 movant would not have been eligible for the fast track program because of a prior conviction for possession with intent to distribute cocaine).

Finally, Defendant fails to include a candid assessment of the number of programs for which he would not qualify. Therefore, the motion fails because Defendant failed to establish his eligibility for the fast-track program. *See, e.g., Gill,* 2012 WL 4049445, at *2 (denying Section 2255 petition for ineffective assistance of counsel based on failure to argue fast-track eligibility at sentencing because petitioner "has failed to carry his burden of establishing program eligibility").

Moreover, it is impossible to conclude that Defendant's attorney's performance fell below an objective standard of reasonableness. "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the Court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Yu Tian Li v. United States,* 648 F.3d 524, 527-28 (7th Cir. 2011) (citing *Strickland,* 466 U.S. at 689). First, as described above, the fast-track sentencing disparity argument would not have caused this Court to impose a different sentence. Second, Defendant's counsel presented mitigating factors at sentencing (just not the factor presented by this motion). The presence of these mitigating factors caused the Court to vary downwards and sentence the Defendant to below-guideline sentence of 40 months

6

of incarceration. Therefore, nothing in this record establishes that Defendant's attorney's performance fell below an objective standard of reasonableness. Accordingly, Defendant is not entitled to relief for ineffective assistance of counsel.

## II. This Court Did Not Commit Procedural Error

As an initial matter, Defendant has procedurally defaulted this argument because he did not raise it on direct appeal to the Seventh Circuit. *See Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009) (holding that claim was procedurally barred because "claims cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal. . ."); *see also, e.g., Nunez v. United States,* No. 13 C 1969, 2013 WL 1966125, at *2 (N.D. Ill. May 10, 2013) (holding that a petitioner procedurally defaulted Section 2255 claims because they were not raised on direct appeal). Defendant has also failed to argue, let alone establish, that his procedural default may be excepted. Specifically, he fails to establish cause for the procedural default. Nor does he establish actual prejudice from the failure to appeal or that enforcing the procedural default would lead to a fundamental miscarriage of justice. *See Torzala v. United States,* 545 F.3d 517, 522 (7th Cir. 2008) (describing necessary elements for relief from procedural default). Even if Defendant had not forfeited this argument, the argument is meritless because Defendant failed to establish that this Court should have considered fast-track disparities as a mitigating factor. Accordingly, relief is not warranted by this argument.

## III. The Government Did Not Abuse Its Discretion By Failing to Offer a Fast-Track Plea Agreement

This argument is likewise procedurally defaulted because Defendant failed to raise it on direct appeal. Additionally, this argument is meritless because: (1) no fast-track program existed in the Northern District of Illinois at the time Defendant was sentenced; and (2) even if it did, Defendant would not have been eligible for "fast-track" status because he did not plead guilty

7

promptly and had a prior felony conviction for distribution of narcotics.  Thus, this argument fails as well.

## IV. Defendant Is Not Entitled to an Evidentiary Hearing

A petitioner is not entitled to an evidentiary hearing on the merits of a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief."  Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts.*  In this case, it plainly appears from the motion and the record of the prior proceedings that Defendant is not entitled to relief.  Therefore, the Court need not conduct a hearing on Defendant's motion.  *See Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (citing 28 U.S.C. § 2255(b)); *Cooper v. United States,* 378 F.3d 638, 641-42 (7th Cir. 2004).

## V. Defendant Is Not Entitled to a Certificate of Appealability

Unless this Court issues a certificate of appealability, an appeal may not be taken to the United States Court of Appeals from this Court's judgment in a § 2255 proceeding.  *See* 28 U.S.C. § 2253(c); *see also Buie v. McAdory,* 322 F.3d 980, 981 (7th Cir. 2003).  The decision of whether or not to grant a certificate of appealability is a screening device used to conserve judicial resources and prevent the Courts of Appeals from being overly burdened with unmeritorious Section 2255 petitions.  *See Young v. United States,* 124 F. 3d 794, 799 (7th Cir. 1997).  Courts may only grant a certificate of appealability when the petitioner has presented "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Gonzalez v. Thaler,* 132 S. Ct. 641, 649 n.5 (2012).  A substantial showing of the denial of a constitutional right requires the petitioner to show that reasonable jurists could find room to debate whether the petition should have been resolved in a different manner or that the issues

presented are adequate to entitle the petitioner to proceed further with his claims. *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

Defendant has not made the required showing here. Reasonable jurists could not find room to debate the Court's ruling on the constitutional merits of Defendant's claims because it is clear that Defendant cannot establish his eligibility for a fast-track program for illegal reentry. Therefore, Defendant is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *see also Gonzales,* 132 S. Ct. at 649 n. 5.

## CONCLUSION

For the reasons set forth above, Defendant Castro-Castellanos's motion for relief pursuant to 28 U.S.C. § 2255 is denied and he is denied a certificate of appealability.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 19, 2013